No. 3720

Second Circuit

(Second Division)

## MINDEN HARDWARE & FURNITURE CO., INC., v. HARDEMAN

(May 7, 1931. Opinion and Decree.)
(June 11, 1931. Rehearing Refused.)

Watkins & Watkins, of Minden, attorneys for plaintiff, appellant.

Coleman Lindsey, of Minden, attorney for defendant, appellee.

TALIAFERRO, J. Plaintiff brought this action against defendant to recover judgment for $504.50, being a balance alleged to be due upon open account, a copy of which is attached to the petition, and to have a vendor's lien and privilege recognized and enforced against certain furniture and household effects enumerated in the petition. No writ of any kind was issued or prayed for.

Defendant denies that he is due plaintiff any amount, for the reasons set forth in his answer. He avers that he purchased from plaintiff the articles of furniture shown on the itemized account attached to the petition, on the dates and for the prices stated therein, and that the agreement was that he should pay the price in installments of $10 per month; that the payment of interest was not mentioned; that he paid said installments as they fell due up to the time that plaintiff took possession of the greater part of said furniture without legal right and refused to deliver same to respondent when demanded.

Defendant further alleges that about August 2, 1928, his business required that he remove from Minden, his home, to some place in Arkansas, necessitating an absence

of several months; that he sold his residence and conferred with plaintiff about storing said furniture in its warehouse for an indefinite period, to which plaintiff's officers assented; that certain pieces of said furniture and household effects were not stored there as it was feared that same would be damaged by depredation of rodents, and these were stored elsewhere; that at that time defendant informed plaintiff's officers that while absent he would not be able to meet the monthly installments due on the price of the furniture; that on or about February 25, 1929, he moved back to Minden with his family and made arrangements to resume housekeeping; that he rented a house for that purpose and conferred with Mr. H. J. Heflin, an officer of plaintiff company, relative to taking his furniture out of storage and resuming payments thereon, and was assured by Mr. Heflin that this would be satisfactory; that on or about March 25th following, respondent's wife with a drayman called at plaintiff's place of business to remove the furniture, whereupon she was informed by two of plaintiff's officers (Mr. Heflin and Mr. Lowe) that the furniture could not be removed until the balance on the purchase price was paid; that defendant and his attorney both made request of plaintiff for permission to remove the furniture, but were advised that this would not be granted unless at least 50 per centum of the amount due on the account was paid; that thereafter respondent offered to surrender all the furniture and household effects (in plaintiff's warehouse and elsewhere) in satisfaction of the account due by him, and this was refused.

It was further alleged that this act of plaintiff constitutes a breach of the contract theretofore existing between plaintiff and defendant, and that for that reason there is no further liability on the part of defendant for the balance due on the price of said furniture, etc.

It is also alleged that the furniture illegally held by plaintiff is worth more than the balance due on the account.

In the alternative, it is averred that, should it be found that defendant is due plaintiff any balance on said account, no part thereof is due now, as all installments that had matured, and more, had been paid.

Defendant avers that on account of plaintiff's unlawful acts he was compelled to purchase additional furniture elsewhere for the use of himself and family, and that he has been damaged in his credit, social, and business standing, etc., and asks that his right to proceed against plaintiff therefor be reserved to him.

There was judgment in the lower court in favor of plaintiff for $156.84, with 5 per cent interest from judicial demand, with recognition of vendor's lien and privilege on the property and furniture involved, in this case in the possession of defendant, and plaintiff was decreed to be the owner of the furniture in its possession, involved herein.

Plaintiff has appealed. Defendant has answered the appeal, praying that the judgment, in so far as it is adverse to him, be reversed; that a proper judgment would be one decreeing plaintiff to be the owner of the furniture in its possession and rejecting its demand otherwise; reserving to defendant his right to proceed against plaintiff for damages.

The following clause in the judgment throws some light on the reasons therefor:

"In ascertaining the amount of this judgment, the value of this said property (that decreed to be owned by plaintiff) was accredited to defendant."

There are only slight differences between plaintiff's version of its transactions with defendant, including the storage of the furniture, and that of defendant himself. They agree as to the circumstances attending the deposit of the furniture in plaintiff's warehouse, and plaintiff's officers admit that they would not allow the removal of the furniture unless a substantial payment on the account was made. There is difference as to the amount exacted of defendant, but, as we view the situation, this is unimportant now.

We have analyzed the account sued on and find that the price of the furniture purchased and retained by defendant amounted to $810.85 and that from June, 1926, to March, 1929, defendant made payments amounting to $306.35, leaving the balance due as sued for.

Defendant contends that he had the right to discharge this indebtedness by monthly payments of $10, while plaintiff insists that the payments were to be $20 per month, assigning as reason for not favoring the smaller payments that it would require too long a period—several years—to retire the account on that basis. The account shows that defendant made five payments of $20 each, but none of $10. Several payments in excess of $20 and two below that amount were made.

From June, 1926, when the furniture was purchased, to March, 1929, when release thereof was demanded, thirty-three months intervened. According to defendant's contention he should have paid $330 during this time, whereas he only paid $306.35.

Plaintiff admits that no storage charge was made for the deposit of the furniture with it.

The first question that addresses itself to our attention is whether plaintiff can maintain the action it has brought to enforce payment of the account against defendant, as relates to, and the enforcement of the vendor's lien and privilege against defendant's property which is illegally detained by plaintiff. In order to correctly determine this question, it is necessary to ascertain the legal effect of, and the reciprocal obligations arising from, the deposit of these goods.

"A deposit, in general, is an act by which a person receives the property of another, binding himself to preserve it and return it in kind." C. C. art. 2926.

The object of a deposit must be a movable (C. C. art. 2928) and the deposit essentially gratuitous (C. C. art. 2929).

"The deposit is voluntary or necessary." C. C. art. 2931.
"The voluntary deposit takes place by the mutual consent of the person making the deposit and the person receiving it." C. C. art. 2932.
"The voluntary deposit can only be regularly made by the owner of the thing deposited, or with his consent expressed or implied. Consent is implied when the owner has carried or sent the thing to the depositary, and the latter knowing that the thing had been sent, has not refused to receive it." C. C. art. 2933.
"The depositary is bound to use the same diligence in preserving the deposit that he uses in preserving his own property." C. C. art. 2937.

He cannot use the thing deposited without permission of the owner (C. C. art. 2940) and should restore the precise object he received (C. C. art. 2944).

Other articles of the Code provide in detail the rules and regulations governing most every contingency that could arise from the relation of depositor and depositary.

"The deposit must be restored to the depositor as soon as he demands it, * * *

unless there be in the hands of the depositary, an attachment on the property or an opposition made on the owner." C. C. art. 2955.

In Oneto v. Delauny et al., 6 La. 22, it was held that the "opposition" referred to in this article means opposition through or by authority of court.

"He who has made a deposit is bound to reimburse the depositary the money he has advanced for the safe keeping of the thing, and to indemnify him for all that the deposit has cost him." C. C. art. 2960.

"The ·depositary can not withhold the thing deposited on pretense of a debt due to him from the depositor on an account distinct from the deposit, or by way of offset.

"But he may retain the deposit until his advances are repaid, as well as any other claims which he may have arising from the deposit." C. C. art. 2956.

This article is clear and unambiguous, and, while we find no decision of our Supreme Court construing it with reference to facts as appear in the present suit, the Court of Appeal for Orleans parish has done so in two cases coming to our knowledge, where the facts were similar, viz.: Copeland v. Bleakley, 10 Orleans App. 142; Grunewald v. Evans, 11 Orleans App. 352.

When this furniture was stored with plaintiff, the relationship of depositor and depositary automatically arose between the parties, and that relationship superinduces one of trust.

Article 3223 of the Civil Code provides:

"If the depositary abuses his trust, by alienating the thing confided to his care * * * the depositor retains his privilege on the price which shall be due."

And article 3222, in part reads:

"He who deposits a thing in the hands of another still remains the owner of it."

There is a positive prohibition in article 3226 of the Code against the depositary withholding possession of the thing, the object of the deposit, from the rightful owner, except for expenses incurred in connection with the deposit, such as for its preservation, etc., and certainly it would be a flagrant breach of trust for the depositary to forcibly detain the thing deposited for any other debt of the depositor, a vendor's lien and privilege debt not excepted.

In Purvis, Wood & Co. v. Breed, 7 La. Ann. 637, it was held that compensation did not take place in favor of the depositary as against the depositor.

In that case the facts were that Breed deposited some money with Purvis, Wood & Co. He became indebted to the company, but sued them for the amount he had left with them on deposit. The company pleaded compensation, but this plea was denied. Judgment was rendered for Breed. Execution issued, and Purvis, Wood & Co. paid over to the sheriff the amount of the judgment, and then attached the amount in his hands for the debt due them by Breed. The trial court dismissed the attachment, and the Supreme court sustained the ruling.

We quote the following excerpts from that decision:

"Why was the plea in compensation rejected? Because such a defence was repugnant· to the nature of the contract under which Purvis, Wood & Co: received the money for Breed. * * * This contract is one of confidence. * * * Among the Romans, it was classed in the category of contracts bonae fidei. From its confidential character arose, with them, the rule embodied in our code. * * * It imposes on the depositary the duty of instant return upon demand. It forbids him to withhold that return on pretense of a debt due to him from the depositor on any account distinct from the deposit. The form,

then, in which the resistance to the right of the depositor comes, is immaterial. The spirit of the rule covers any substantial resistance. The deposit must be restored."

It is obvious from the quoted codal provisions and from this decision that the status quo of things prior to the deposit must be restored, and the confidence and trust relationship terminated, before the object of the deposit may be pursued by the depositary and subjected to his rights against the depositor.

. If plaintiff is permitted to maintain his suit and at the same time withhold possession of defendant's property from him, the protection guaranteed by article 2956 of the Code is rendered nugatory, and it might as well be torn from the book.

There is another reason why plaintiff's action cannot be maintained, and that is found in the elementary principle to the effect that one cannot sue to recover the price of property sold by him and at the same time retain possession of the property itself against the owner's will and consent.

. For the reasons herein assigned, the judgment appealed from, in so far as it recognizes and decrees plaintiff to be the owner of the furniture in its possession at date of filing this suit, and involved herein, is annulled and set aside, and plaintiff's suit to recover the price thereof and to enforce the vendor's lien and privilege against same is hereby dismissed and their demand rejected as in case of non-suit.

It is further ordered, adjudged, and decreed that, as amended by this decree, said judgment is affirmed. And that costs of appeal be paid by plaintiff and costs of lower court be paid by defendant; defendant's right to proceed against plaintiff for damages for the unlawful detention of his property is hereby reserved to him.